IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN R. CORY, SR.                    *
                                     *
            v.                       *   Civil Action WMN-06-2694
                                     *
WHISMAN, GRYGIEL &                   *
GIORDANO, P.A. et al.                *
                                     *

*     *     *     *     *     *     *     *     *     *     *     *     *

### MEMORANDUM

Pending before this Court is Defendants' Motion for Leave to File Motion for Summary Judgment as to Counts IX, X, XI, XIII, XIV and XV, et al., ECF No. 116, to which is attached Defendants' Motion for Summary Judgment, et al. Also pending is Defendants' Motion for Order Compelling Plaintiff to Supplement Discovery Responses, ECF No. 117. The parties have fully briefed the motions.[1] Upon consideration of the pleadings, facts and applicable law, the Court determines that (1) no hearing is necessary, Local Rule 105.6, (2) Defendants' Leave to File the Motion for Summary Judgment will be granted, (3) Defendants' Motion for Summary Judgment will be denied, and (4) Defendants'

---

[1] Cory has also filed a Motion for Leave to File Four Page Supplemental Memorandum in Opposition to Defendants' Motion for Leave to File Motion for Summary Judgment, et al. ECF No. 126. The supplemental briefing provides further argument regarding whether or not Cory received a statutory notice from the IRS. As the Court has determined that it need not resolve this issue in order to decide the Motion for Summary Judgment, see infra, this additional briefing is unnecessary, and the Court will deny Plaintiff's Motion for Leave to File Supplemental Memorandum.

Motion to Compel will be granted for the reasons set forth below.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

This case has been pending for more than five years.  The only claims remaining involve allegations that Defendants Whisman Grygiel & Giordano (Whisman Grygiel), and Whisman Giordano & Daney (Whisman Giordano), two iterations of a Delaware-based accounting firm, and Christopher Daney, an accountant and principle in the firms, committed professional malpractice when they failed to inform Plaintiff Cory that they had not completed and filed Cory's individual tax return for 2002.[2]

As the Court explained in its Memorandum dated January 20, 2008:

> Cory alleges that he contacted Daney in late 2002 or early 2003 to request his services to prepare tax returns for the years 1999-2002 both for himself individually and for two sub-chapter S corporations in which he was majority owner, AtlantiGas Corporation (AtlantiGas), f/k/a GasAtlantic, and Advantage Energy Marketing, Inc.

---

[2] The Amended Complaint, ECF No. 8, asserted seventeen counts. In an Order dated May 7, 2007, this Court dismissed all Counts against another Defendant, James Whisman, Jr., and one count of conversion against Daney.  ECF No. 17.  Cory has voluntarily dismissed all claims pertaining to the 1999 tax year.  See ECF No. 127.  Therefore the only remaining Counts are those that relate to the 2002 tax return: Counts IX- XI, which are claims for breach of contract, and Counts XIII- XV, which are claims for negligence.  There are three counts for each claim because each claim is plead separately against the remaining three Defendants: Christopher Daney, Whisman Grygiel, and Whisman Giordano.

(Advantage).  Daney indicated that he could not begin work
until after April 15, 2003.  On May 2, 2003, AtlantiGas
paid Daney a $5000 retainer fee.  Cory alleges that, as
part of his agreement with Daney, Daney agreed to provide
each year's returns by the appropriate refund deadline, or
to request an extension of time to file, preserving the
opportunity to obtain a refund.  Despite Daney's awareness
of the IRS refund deadlines, Cory alleges that Daney . . .
failed to file his 2002 individual return at all. . . .
Cory alleges that, had it been filed, it would have
explained the existence of an erroneous Form 1099-Misc
which was filed with the IRS by Pepco Energy Services, Inc.
(Pepco), attributing taxable income to him in excess of $2
million. . .

ECF No. 39 at 2-3.  With respect to the 2002 individual return,

the Court explained the undisputed facts:

      Cory was indebted to a company in which he was the
majority shareholder, GasAtlantic, later known as
AlantiGas, at the time that GasAtlantic entered into an
"Asset Purchase Agreement" (APA) with Pepco in September of
1998.  See Peter E. Meier Aff., Ex. C (APA); Dep. of Cory
pp. 31-36.  The outstanding loan between Cory and
GasAtlantic was assigned to Pepco as part of the
transaction and a "New Amended and Restated Promissory Note"
(Note) was executed to memorialize the agreement.  See
Peter E. Meier Aff., Ex. D.  The Note provided that Cory
was indebted in the amount of $1,768,459; that payments on
the loan would be deducted from "Contingent Payments" from
Pepco to GasAtlantic pursuant to the APA according to a
formula set forth in the Note; that any amount outstanding
after the "Contingent Payments" for calendar years 1999-2003
had been made "shall be deemed discharged" unless Cory made
a written request between January 1, 2003 and June 30,
2003, that the Note "be assigned to [Cory's] designee for
the sum of One Hundred Dollars[.]"  See id.

      Thereafter, the relationship between Pepco and
GasAtlantic, now under the name AtlantiGas, soured and
AtlantiGas brought several lawsuits against Pepco.  As a
result of the lawsuits, on November 26, 2002, AtlantiGas
and Pepco entered into a "Settlement of Claims and Release"
(Settlement Agreement). . . Pepco [also] agreed to "assign
[the Note] to Wynnie Kydd, Moonhole, Bequia, St. Vincent &
The Grenadines."  Id. at ¶ 5.  The next day, November 27,

2002, Pepco executed an "Assignment of Loan" document assigning the Note to Wynnie Kydd, an acquaintance of Cory. Am. Comp., Ex. 14.

On February 5, 2003, Peter E. Meier, general counsel for Pepco, wrote to Cory to inform him that Pepco would be filing a form 1099-Misc with the IRS indicating that Cory had received income in the amount of $2,229,462.73, representing the amount of the Note plus accrued interest, resulting from "the Assignment of Loan executed on November 27, 2002." Peter E. Meier Aff., Ex. A.[3]  After Cory failed to file his 2002 individual tax return by the filing deadline, the IRS filed a substitute return on his behalf based on its records and the form 1099-Misc filed by Pepco. Based on the substitute return, unpaid taxes were assessed against Cory for the 2002 tax year and, eventually, a tax lien was entered. Am. Comp., Ex. 15.  Cory alleges damages flowing both from the income attributed to him based on the 1099-Misc filed by Pepco and from interest payments on unpaid taxes due and penalties for untimeliness that he may not otherwise have faced had his returns been filed by the appropriate deadline.

ECF No. 39 at, 10.

Cory filed the pending suit on October 13, 2006.  In 2007, Defendants filed a motion for summary judgment, which this Court denied as part of the above-quoted Memorandum.  Defendants then filed a Motion for Reconsideration, ECF No. 41, which the Court also denied.  ECF No. 48.  The case was scheduled to go to trial in 2008, but trial was cancelled after the parties negotiated a settlement agreement with the assistance of Magistrate Judge

---

[3]Meier attached a revenue ruling from the IRS to his letter dealing with company loans to salespersons that were to be repaid out of commissions earned, but that were later charged off by the company.  The revenue ruling concluded that the charged off loans were income to the salesperson and a deductible loss to the company.  See Rev. Rul. 69-465, 1969-2 C.B. 27.

Bredar.   On October 22, 2008, the Court granted an indefinite continuation of the trial so that the parties could pursue relief from the Internal Revenue Service (IRS) as part of the settlement agreement.   ECF No. 72.   Unfortunately, even with assistance from Magistrate Judge Gesner, the parties and the IRS were unable to reach an acceptable resolution, and, on January 4, 2012, Judge Gesner advised the undersigned that settlement discussions had concluded and the case should proceed to trial. ECF No. 113.   The case is currently scheduled to begin a three-day non-jury trial on June 4, 2012.

Defendants have requested leave to file a motion that they have captioned as a "Motion for Summary Judgment . . ., or in the Alternative, a Motion for Judgment on the Pleadings, or in the Alternative, a Motion for the Court to Make Findings of Fact and Conclusions of Law with Respect to Plaintiff's Inability to Establish Proximate Causation" (the Motion).   Cory argues that the Court should not grant Defendants leave to file this Motion because Defendants already filed a Motion for Summary Judgment and a Motion for Reconsideration in this case, both of which were denied, and the currently pending Motion is similarly without merit.   As the pending Motion presents issues distinct from those already decided by the Court in its previous

5

Memoranda,[4] the Court will grant the requested leave to file.
Furthermore, the Court will treat the Motion as one for summary
judgment pursuant to Federal Rule of Civil Procedure 56.[5]

## II. LEGAL STANDARD

Summary judgment is proper if the evidence before the
court, consisting of the pleadings, depositions, answers to
interrogatories, and admissions of record, establishes that
there is no genuine issue as to any material fact and that the
moving party is entitled to judgment as a matter of law.  Fed.
R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986).  A party seeking summary judgment bears the initial

---

[4] The previous summary judgment arguments relating to the 2002
tax return were largely based on Cory's failure to designate an
expert, which the Defendants argued would preclude him from
being able to establish causation, a necessary element in
proving Defendants' liability.  The Court denied the motion,
holding that expert testimony was not necessary to establish
causation.

[5] Defendants have requested that the Motion be treated, in the
alternative, as a Motion for Judgment on the Pleadings or a
Motion for the Court to Make Findings of Fact and Conclusions of
Law.  As the parties request that the Court consider evidence
outside the pleadings, the Motion is not properly a Motion for
Judgment on the Pleadings.  See Fed. R. Civ. Proc. 12(d).
Furthermore, it is only after the close of a bench trial that
the Court may take up the job of weighing the evidence,
evaluating the persuasiveness of conflicting evidence and thus
make findings of fact.  See Fed. R. Civ. Proc. 52(a); Kearney v.
Standard Ins. Co., 175 F.3d 1084, 1095 (9th Cir. 1999) (In a
non-jury trial, rather than deciding whether a genuine issue of
material fact exists, the Court makes findings of fact by
evaluating the persuasiveness of conflicting evidence and
"decid[ing] which is more likely true.").  Therefore, the Court
will consider the Motion as one for summary judgment.

responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. The non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987).

If the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits or other documentation which demonstrates that a triable issue of fact exists for trial. Celotex, 477 U.S. at 324. Unsupported speculation is insufficient to defeat a motion for summary judgment. Felty, 818 F.2d at 1128 (citing Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986)). Furthermore, the mere existence of some factual dispute is insufficient to defeat a motion for summary judgment; there must be a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Thus, only disputes over those facts that might affect the outcome of the case under the governing law are considered to be "material." Id.

**III. DISCUSSION**

Cory has alleged claims for breach of contract and negligence.  Both of these claims arise out of the same facts regarding Defendants' failure to file the 2002 tax return. Though facially they appear to be distinct claims, both require Cory to prove that Defendants negligently breached a professional duty.  See Flaherty v. Weinberg, 492 A.2d 618, 627 (Md. 1985); Mumford v. Staton, Whaley & Price, 255 A.2d 359, 364 (Md. 1969).  "Once the plaintiff satisfies this threshold requirement, he must then allege and prove the remaining elements of each theory of recovery to establish liability." Flaherty, 492 A.2d at 627.

Under Maryland law, a cause of action in negligence requires that the plaintiff show: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the plaintiff suffered actual injury or loss; and (4) that the loss or injury proximately resulted from the defendant's breach of the duty. See, e.g., Lloyd v. General Motors Corp., 916 A.2d 257, 270-71 (Md. 2007).  In the pending Motion, Defendants argue that Cory will be unable to establish by a preponderance of the evidence that any loss he suffered was proximately caused by Defendants' negligence, and therefore, as a matter of law, will not be able to succeed on his claims.

To support this argument, Defendants make two assertions: (1) Cory will be unable to show that at the time he discovered

that Defendants had failed to file the 2002 tax return it was too late for him to challenge his tax liability related to the 1099-Misc, and (2) even if it was too late for Cory to challenge his liability, Cory will not be able to show that it is more likely than not that he would have succeeded in challenging the 1099-Misc if such challenge was timely submitted by Defendants when filing the 2002 return.

The Court agrees that, in order to hold Defendants liable, Cory will need to establish a causal link between Defendants' negligence and his damages by a preponderance of the evidence. Notwithstanding, the Court does not agree that Defendants are entitled to summary judgment.

In support of their first assertion, Defendants argue that Cory has been unable to provide sufficient evidence to prove that he received a Notice of Deficiency from the IRS. Defendants argue that this is significant because, pursuant to 26 U.S.C. § 6213(a), the IRS is required by law to send a Notice of Deficiency prior to assessing any tax liability on a taxpayer.  This statute also provides that the taxpayer may file a petition with the Tax Court challenging the deficiency within 90 days from the date the IRS mailed the Notice.  Therefore, Defendants contend, if Cory discovered that his 2002 tax return had not been filed prior to receiving the Notice of Deficiency, he still would have been able to challenge the tax liability and

1099-Misc.  As such, they argue, Defendants' failure to file the

tax return and explanation of the 1099-Misc did not cause harm

to Cory because Cory was not yet foreclosed from raising the

same challenge to his tax liability with the Tax Court or other

adjudicative entity with jurisdiction to hear his dispute.[6]

Cory refutes this assertion by arguing that the Court can

infer that the Notice of Deficiency was sent "because the I.R.S.

proceeded to assess the tax, issued a notice of intent to levy,

executed the levy, and imposed a tax lien, none of which the

I.R.S. can do without first issuing the statutory notice of

deficiency."  Opp'n at 6.  This inference, therefore, would

allow the Court to conclude that at the time he discovered the

2002 return had not been filed, it was too late for Cory to

challenge the taxes assessed against him

Though the parties dedicate the majority of their briefing

to whether or not Cory could have challenged his tax liability,

the answer to this question is not dispositive of Defendants'

liability.  Cory has alleged that:

> The IRS is not likely to accept Cory's exclusion of the
> $2,229,462.73 as income because the three year statute of
> limitations precludes the IRS from treating the
> $2,229,462.73 as a capital transaction rather than a
> current expense offsetting Pepco's 2002 taxable income.

---

[6] If the IRS assessed taxes against Cory without first providing
the Notice of Deficiency and waiting the statutory 90-day
period, then Cory can seek relief from the District Court by
requesting that the assessment be enjoined.  See 26 U.S.C. §
6213(a).

> Since Cory is the only party against whom the IRS can levy
> income tax on the $2,229,462.73, the IRS will not likely
> change its substitute return.

Am. Compl. at ¶ 46.  Even if Cory had the opportunity to

challenge his tax liability at the time he discovered the 2002

return had not been filed, this allegation suggests that he

believed doing so would have been futile because of the length

of time that has passed since the return was originally due to

be filed.  Whether or not it is true that a challenge would have

been futile, at this point in the proceedings, when all

inferences are to be made in favor of the non-moving party, it

is reasonable to infer that Cory was in a weaker position with

respect to challenging the tax liability in August 2006 than he

would have been had Defendants filed his taxes and submitted an

explanatory letter challenging the 1099-Misc in March 2004,[7] and

that he was put into that weaker position because of Defendants'

failure to inform him that they had not filed the 2002 tax

return.  As the Court can infer that the alleged harm to Cory's

position was proximately caused by the acts and omissions of

Defendants, the Court will deny summary judgment on this issue.

---

[7] Cory has not asserted a specific date on which he believed the
2002 individual return was filed, but the allegations of the
Amended Complaint suggest that he expected it was filed sometime
in March 2004.  See Am. Compl at ¶ 55 (indicating that Defendant
Daney had provided Cory with individual returns by March 2004);
Am. Compl. at ¶ 57 (invoice dated March 19, 2004 sent to Cory
reflecting charge for filing his 2002 individual return).

Furthermore, the Court may not, at this time, determine whether the IRS would have agreed that the 1099-Misc was erroneously issued and that Cory did not owe any tax on the amount stated therein had Defendants timely submitted such an explanation.  As this Court previously noted, "[w]hether it is more likely than not that the IRS would have agreed with Cory that he did not realize discharge of indebtedness income from the transactions with Pepco is a mixed question of fact and law."  ECF No. 39 at 15 (citing Miller v. Comm'r of Internal Revenue, T.C. Memo. 2006-125 ("A debt is deemed discharged as soon as it becomes clear, on the basis of a practical assessment of all of the facts and circumstances, that it will never have to be repaid")).

Defendants argue that Cory has no real obligation to repay the loan and so the Court can determine that the debt was effectively discharged.  Defendants support this assertion by stating that the Note, as written, does not provide any means by which Cory would repay the Assignee, Ms. Kydd, and noting that Cory has not made any payments on the loan since the assignment. Notwithstanding, Cory still contends that he intends to repay the debt and remains obligated under the Note.  These conflicting assertions create an issue of fact that the Court can only resolve after hearing the evidence and weighing its

credibility.  As such, the Court will deny the Motion with respect to this issue as well.

## V. MOTION TO COMPEL

Defendants have filed a Motion for Order Compelling Plaintiff to Supplement Discovery Responses, ECF No. 117.  In this motion, Defendants request that the Court order Cory to supplement his discovery responses by "producing (1) all communications with the IRS related to tax year 2002, (2) the complete, unredacted FOIA response[8] and (3) copies of any tax returns filed by Plaintiff for years 2003-2007."  Mem. at 9. They argue that, even though discovery closed on October 18, 2007, ECF Nos. 27 & 28, Cory has a continuing obligation to supplement his discovery responses pursuant to Federal Rule of Civil Procedure 26(e).  Rule 26(e) states in pertinent part:

(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a) —or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response:

(A)  in a timely manner if the party learns that in some material respect the disclosure or

---

[8] In July 2008, at the request of Defendants, Cory filed a Freedom of Information Act (FOIA) request with the IRS to obtain records pertaining to tax year 2002.  Cory is the only person who could make this request because only he has access to his tax records with the IRS.  On September 5, 2008, the IRS sent Cory the response to his FOIA request.  On September 17, 2008, Cory, without the assistance of counsel, produced a redacted copy of this response to Defendants.

response is incomplete or incorrect, and if
the additional or corrective information has
not otherwise been made known to the other
parties during the discovery process or in
writing; or

(B)   as ordered by the court.

This Rule clearly requires that parties supplement their

discovery responses as necessary to ensure that their responses

are complete and accurate.  This obligation does not end at the

close of discovery, and Cory does not dispute that such an

obligation exists under Rule 26(e).  In their motion, Defendants

reference a number of specific documents that fall within their

discovery requests that they believe exist[9] but that Cory has not

produced, including communications from the IRS related to the

2002 return filed in October 2006 and the 2002 return filed in

October 2009, a form 433A, and tax returns filed for tax years

2003 through 2007.  Cory does not provide an explanation as to

the whereabouts of these documents, but merely contends in a pro

forma opposition that he "has produced all responsive documents

that have been generated since the close of discovery except for

information and documents pertaining to the plaintiff's offer in

_____

[9] Defendants learned about the existence of these documents when
reviewing a copy of the FOIA response that Cory received from
the IRS which contained notes transcribed from the IRS
Integrated Collection System referencing such documents, and
from an IRS Notice that Cory produced which advised that the IRS
would contact Cory within thirty days after receiving the 2002
tax return filed in October 2009.

compromise, all of which are subject to privilege afforded communications between a tax payer and the I.R.S." Opp'n at 1-2. Cory does not provide any authority for this assertion of privilege or indicate that he has created and produced a privilege log in lieu of the requested discovery. See Fed. R. Civ. Proc. 26(b)(5).

It is clear that pursuant to Rule 26(e) Cory is required to supplement his discovery responses to include all communications related to his 2002 tax return and to provide copies of all returns filed for tax years 2003 through 2007.[10] Cory, through his counsel, has represented that he has produced all responsive documents generated since the close of discovery, except for certain documents subject to a vague claim of privilege. It is unclear to the Court exactly which of those documents specifically requested by Defendants may fall within this purported privilege or why those documents have otherwise not been produced. Therefore, the Court will order that Cory provide to Defendants a certification that (1) states that he has produced all documents in existence that are responsive to Defendants' discovery requests, (2) explains the whereabouts of documents subject to discovery that are no longer in his

---

[10] Defendants had requested such documentation in its "Request for Production of Documents to Plaintiff," dated July 16, 2007. See Ex. 1 (Requests 7, 10, 16, 26, 28). Cory did not object to these requests and served defense counsel with the responsive documentation on August 24, 2007. See Ex. 2.

possession, and (3) includes a privilege log created in accordance with Discovery Guideline 10d, for any documents subject to discovery which he claims are privileged.  See L.R. App. 1 Guideline 10d.

Defendants also request an unredacted copy of a FOIA response that Cory received from the IRS.  The Court notes that the redaction of the response was completed by Cory himself and not by or with the advice of his counsel.  This raises a red flag for the Court because in by-passing his counsel when responding to discovery, Cory also by-passed the Rule 11 requirement that all papers "must be signed by at least one attorney of record in the attorney's name."  Fed. R. Civ. Proc. 11(a).  This removes the layer of protection that Rule 11 provides to deter parties from making inaccurate or disingenuous submissions.  In light of this concern, the Court will order that Cory produce the FOIA response to Defendants through his counsel.  If counsel believes that it is appropriate to redact the document due to the presence of undiscoverable content, then counsel may make such redactions but must provide a privilege log detailing such redactions as discussed supra.  The Court cautions counsel, however, that the scope of discovery is broad and that because the lawsuit squarely places his client's taxes at issue, it will be difficult to claim that information related to those taxes is irrelevant or undiscoverable.

16

Because trial is scheduled to begin in one month, the Court recognizes that the supplementation of discovery must be completed quickly.  Therefore, the Court will order that Cory provide the documentation described above to Defendants within five days of the date of the Order.

## VI.  CONCLUSION

For the foregoing reasons, the Court concludes that Defendants' Motion for Leave to File will be granted, Plaintiff's Motion for Leave to File will be denied, Defendants' Motion for Summary Judgment will be denied and Defendants' Motion to Compel will be granted.  The Court will issue a separate Order.

/s/

William M. Nickerson
Senior United States District Judge

May 8, 2012